1  Jeremy Heisler (NY Bar 1653484)
   Steven L. Wittels (NY Bar 2004635)
2  Janette Wipper (DC Bar 467313)
   **SANFORD WITTELS & HEISLER, LLP**
3  950 Third Ave, 10th Floor
   New York, NY 10022
4  Telephone: (646) 723-2947
   Facsimile: (646) 723-2948
5  jheisler@nydclaw.com
6

David W. Sanford (DC Bar 457933)
Felicia Medina (CA Bar 255804)
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Ave NW, Suite 300
Washington, DC 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776
dsanford@nydclaw.com

7  Edward D. Chapin, Bar No. 053287
   Jill Sullivan, Bar No. 185757
8  **Of Counsel, SANFORD**
9  **WITTELS & HEISLER, LLP**
   **CHAPIN WHEELER, LLP**
10 550 West "C" Street, Suite 2000
   San Diego, CA 92101
11 Telephone: (619) 241-4810
   Facsimile: (619) 955-5318
12

13

14 *Attorneys for Plaintiff Laura Meza and the Plaintiff Class*

15

16 ### IN THE UNITED STATES DISTRICT COURT
   ### FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17

18 | LAURA MEZA, individually and on | )
   | behalf of all others similarly situated, | )
19 | | ) NO.
   | | ) **'09 CV 1798**   MMA JMA
20 | **Plaintiff,** | )
   | | ) **CLASS ACTION**
21 | v. | ) **COMPLAINT UNDER FLSA**
   | | ) **AND CAL. LABOR LAW**
22 | **UNITED PARCEL SERVICE, INC.** | )
   | | ) **JURY TRIAL DEMANDED**
23 | **Defendant.** | )
   | | )

24

25

26

27

28

---

CLASS ACTION COMPLAINT FOR DAMAGES                                    Page 1



1.      Plaintiff Laura Meza, on behalf of herself individually and on behalf of all others similarly situated, brings this case for violations of the federal Fair Labor Standards Act of 1938 ("FLSA") and corresponding California wage and hour laws.  This Court has subject matter jurisdiction over the FLSA action pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff hereby complains and alleges as follows:

## I.

## NATURE OF THE ACTION

2.      An employer's obligation to pay its employees overtime wages is more than a matter of private concern between the parties.  That obligation rests upon a compelling policy judgment that members of a modern, humane society are entitled to work a livable number of hours at a livable wage.  The statutes and regulations compelling employers to pay overtime were designed not only to benefit individual workers but also to serve a fundamental societal goal: reducing unemployment by giving the employer a disincentive to concentrate work in a few overburdened hands and an incentive to instead hire additional employees.  Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overestimated.

3.      This collective and class action lawsuit arises from an ongoing wrongful scheme by the United Parcel Service, Inc. (hereafter "Defendant," "UPS," or the "Company"), a world leader in package delivery services, to trample on those policies.  UPS wrongfully denies its account managers overtime benefits due to them under the FLSA and corresponding California laws.

4.      The term "account manager" means all persons who have been, are, or in the future will be employed by the Defendant in a position as an account manager, including but not limited to (i) employees whose title is or was referred to as Account Manager and (ii) employees who performed substantially similar work to employees with the title Account Manager.

1    Discovery may reveal additional titles and employees that should be included in the Plaintiff

2    Class.

3         5.      Defendant UPS has routinely and systematically denied statutorily-mandated

4    overtime compensation to account managers like Plaintiff Laura Meza and others similarly

5    situated by deliberately and wrongfully misclassifying them as exempt from overtime as outside

6    salespersons and/or bona fide administrative employees.

7         6.      To establish that an employee is an exempt outside salesperson, the employer

8    must "plainly and unmistakably" show that the employee's primary duty is **making sales** or

9    **obtaining orders or contracts** for the provision of services or the use of facilities.  Account

10   managers employed by UPS neither make sales nor obtain orders or contracts and so do not fall

11   within the outside sales exemption.  Instead, Plaintiff and the Class Members go door-to-door

12   disseminating Company-provided promotional materials.

13        7.      To establish that an employee is exempt from overtime due to her employment in

14   a bona fide administrative capacity, the employer must "plainly and unmistakably" show that the

15   employee performs work directly related to the company's management policies or general

16   business operations and, in so doing, customarily and regularly exercises discretion and

17   independent judgment on matters of significance.  Account managers never engage in such high-

18   level managerial-type work; their sole responsibility is to deliver the Company's pre-scripted

19   promotional messages to local businesses in a particular area.  Accordingly, Class Members have

20   no managerial or supervisory responsibilities, and no influence over UPS's general business

21   operations, including its marketing strategies.  Nor do they exercise discretion on any matters of

22   significance to the Company.  In their limited door-to-door promotional activities, they are not

23   permitted to deviate from the messages and targets set by corporate management.

24        8.      Therefore, under both the FLSA and similar California statutes, UPS account

25   managers are non-exempt and entitled to recover the overtime payments that the Company

26   willfully denied them.

27

28

CLASS ACTION COMPLAINT FOR DAMAGES                                                    Page 3

## II.

## JURISDICTION AND VENUE

9.      This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action alleges violations of a federal statute, the overtime and record-keeping requirements of the FLSA – codified at 29 U.S.C. §§ 211(c) and 216(b). The Court has supplemental jurisdiction over claims arising under similar California statutes and regulations pursuant to 28 U.S.C. § 1367.

10.     Alternatively, the Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because the aggregated amount in controversy exceeds $5 million, there are at least 100 class members, and the parties are citizens of different states: Plaintiff is a citizen of California, whereas UPS is incorporated in Delaware with its principal place of business in Atlanta, Georgia.

11.     This Court has personal jurisdiction over Defendant UPS because at all times relevant to this action, UPS has conducted substantial and continuous commercial activities in the State of California, including in this District.

12.     Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this District, and pursuant to 28 U.S.C. § 1391(c) because this Court has personal jurisdiction over the corporate Defendant.

## III.

## THE PARTIES

13.     The Representative Plaintiff Laura Meza is a resident of Whittier, California, who has worked for UPS for over twenty years in various positions.  She has worked as an Account Manager in Fullerton, California for the last year and a half.  Since 2009, Ms. Meza has been on medical leave due, in part, to the stress of the long hours of work at UPS.

14.    Defendant UPS is a package delivery corporation that operates and at all relevant times has engaged in business in California and throughout the United States.  UPS is a Delaware corporation with its principal place of business in Atlanta, Georgia.  UPS is the world's largest package delivery company, transporting 3.92 billion packages worldwide each year; each day, 7.9 million customers (including both shippers and receivers) use its services.  UPS employs 426,000 employees in over 200 countries and territories worldwide, including over 345,000 in the United States.

15.    UPS' business operations in California alone are massive in scale.  A substantial proportion of the Company's customers is located in California, as well as one of its seven U.S. air hubs, and it has hundreds of business locations and facilities throughout the state.  Upon information and belief, UPS employs thousands of employees in California.

## IV.

## **FACTUAL BACKGROUND**

16.    Ms. Meza has worked for Defendant UPS since approximately 2005, when the Company acquired her previous employer, Overnite Transportation ("OT"), a provider of regional, interregional and long-haul less-than-truckload services.  At the time of its acquisition, Ms. Meza had worked for OT since 1998.  For the last year and a half, she has worked for UPS as an Account Manager.  In that capacity, she receives an annual salary of $51,000, plus a quarterly bonus based on whether she meets goals set by her supervisor.  In her employment at UPS, Ms. Meza has never earned $100,000 or more in a single year.

17.    Ms. Meza's primary responsibility as an Account Manager is and has been going door-to-door to businesses in Anaheim, Placentia, Orange, parts of Fullerton, and parts of La Brea to promote UPS's portfolio of freight delivery services to both current and potential customers.

18.    UPS management dictates the precise content, language, and order of the "sales" pitch that account managers like Ms. Meza must make to the customers on her route.  First, Ms.

Meza must ask the customer what type of items he or she ships. If the customer ships ground items, Ms. Meza is required to direct the customer to a UPS ground representative, since she is only permitted to discuss UPS's freight services. If the customer ships freight items, Ms. Meza then must ask which company he or she is currently using. If the customer is shipping with a competitor, Ms. Meza must deliver the line: "How would you like to become a part of the UPS family?" At this point, Ms. Meza is required to give the customer a portfolio provided by UPS, which promotes the company's speed, technology, information, coverage, and reliability. Ms. Meza has no input into the content of the portfolio she presents to customers.

19.    Only after delivering this scripted pitch is Ms. Meza permitted to discuss pricing. She is forbidden from giving the customer any initial indication of what kind of a discount UPS might offer. She must first request the customer's invoices or freight bills from other companies and then has to calculate a discount that would save the customer approximately two or three dollars per shipment. Ms. Meza must then submit her calculation to a UPS pricing analyst, who must approve of her proposed discount before she can submit it to the customer. Finally, Ms. Meza can give the pricing analyst's Statement of Approved Pricing to the customer.

20.    The Statement of Approved Pricing that Ms. Meza distributes entitles potential customers to receive certain discounts if they decide to ship with UPS, but the documents do not obligate the customers to use UPS services. As these documents specify in written disclosures, they are **not** legally binding contracts. Ms. Meza never executes any legally-binding contracts with customers, nor does she sell anything to the customers she calls upon.

21.    As an Account Manager, Ms. Meza routinely works approximately sixty (60) hours each week. On a typical day, Ms. Meza arrives in the UPS office at 6:00 a.m., where she is expected to print and review the daily manifest reports that UPS issues each morning, respond promptly to any emails sent from her supervisors, and address any customer questions – a lengthy process because account managers are required to run virtually all questions by UPS customer service. Then, from 8:30 a.m. to approximately 5:00 p.m., Ms. Meza is required to

work in the field, delivering the pitch described above to a minimum of seven customers each day. Finally, after Ms. Meza returns home in the evening, she must resume work, because account managers are expected to continue responding to emails from their supervisors and customers.

22.     In addition to these long workweeks, Ms. Meza is routinely expected to work on weekends, vacations, and sick days. Each weekend, Ms. Meza spends approximately four to five hours responding via email or telephone to questions or concerns raised by her supervisor or by customers. Ms. Meza routinely has her sick days and vacation days cut short by a supervisor who has required her to use those days to complete work-related paperwork and respond to customer emails and phone calls.

23.     The other UPS account managers perform similar duties to Ms. Meza, and, upon information and belief, are also required to work approximately sixty (60) hours each week and to also work on weekends, holidays, and sick days.

**V.**

**COLLECTIVE ACTION ALLEGATIONS**

24.     Plaintiff brings all federal causes of action as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who worked for UPS as account managers (as defined above) at any time from three years prior to the filing of this Complaint to entry of judgment in this case. For purposes related to this action, including notice, the names and addresses of account managers are readily available from Defendant UPS.

25.     At all relevant times, Plaintiff and the other account managers are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to UPS' common policies of: a) willfully failing and refusing to pay them time and a half rates for work in excess of forty (40) hours per week, as required by 29 U.S.C. § 207, b) willfully misclassifying them as exempt from overtime compensation under 29 U.S.C. § 213,

1 | even though Defendant knew or should have known that account managers were not exempt, and

2 | c) willfully failing to keep the records mandated by 29 U.S.C. § 211(c).

**VI.**

**CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings all causes of action arising under California state law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks relief on behalf of a class of all account managers employed by UPS at any time from four years prior to the filing of this Complaint to entry of judgment in this case.  This controversy meets all prerequisites for class certification under Rule 23.

27.     The proposed Class is so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, upon information and belief, hundreds of people are or have been employed by the Defendant as account managers in California within the class period.

28.     There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

(a)     Whether UPS has violated and continues to violate California Labor Code § 510 and Wage Order No. 4-2001 by failing to pay overtime compensation to account managers who work in excess of forty (40) hours per week and/or eight (8) hours per day;

(b)     Whether UPS has violated and continues to violate California Business and Professions Code § 17200 by failing to pay overtime compensation to account managers who work in excess of forty (40) hours per week and/or eight (8) hours per day;

(c)     Whether UPS has violated and continues to violate California Labor Code §§ 226 and 1174 by failing to keep accurate records of employees' hours of work and

CLASS ACTION COMPLAINT FOR DAMAGES

1    hourly wages and by failing to timely furnish each account manager with a

2    statement accurately showing the total number of hours worked and wages earned

3    each pay period;

4    (d)    Whether UPS has violated and continues to violate California Labor Code §§

5           226.7 and 512 and I.W.C. Wage Order No. 4-2001 by failing to provide its

6           employees with statutorily-mandated meal breaks and rest breaks;

7    (e)    Whether UPS has violated and continues to violate California Labor Code §§ 201

8           and 202 by failing to timely pay employees unpaid overtime wages due upon their

9           separation from employment with the company; and

10   (f)    Whether UPS has violated and continues to violate California Business and

11          Professions Code § 17200 by failing to timely furnish each account manager with

12          a statement accurately showing the total number of hours worked and wages

13          earned each pay period.

14

15   29.    Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all members

16   of the Class perform similar duties, which are closely prescribed by the Company.  Like all Class

17   Members, Plaintiff has been injured by UPS' common course of conduct denying its account

18   managers lawful overtime wages and failing to keep accurate records of hours worked and is

19   entitled to recover damages and associated relief.

20   30.    Plaintiff will fairly and adequately represent and protect the interests of the class.

21   Plaintiff has retained Counsel competent and experienced in litigating large wage and hour and

22   other employment class actions.Due to the basic uniformity of the Class Members' duties and

23   responsibilities, a class action pursuant to Rule 23 is superior to other available methods for the

24   fair and efficient adjudication of this controversy.  Adjudication of individual litigation claims

25   may be prohibitively expensive for individual Class Members, virtually all of whom lack the

26   financial resources to vigorously prosecute a lawsuit against a powerful corporation like UPS.

27   Moreover, separate adjudication of potentially hundreds of individual actions would impose

28

1    significant burdens on the resources of both this Court and the public. Finally, the prosecution of

2    separate actions would create the risk of inconsistent and/or varying adjudications with respect to

3    individual Class Members, establishing incomparable standards of conduct for UPS, and

4    impairing the rights of the Class Members by disposing of their interests through actions to

5    which they are not parties.

## FIRST CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME AND KEEP ACCURATE RECORDS
## (FLSA, 29 U.S.C. §§ 207 AND 211(C))

9        31.    Plaintiff repeats and realleges all the allegations set forth in the foregoing

10   paragraphs.

11       32.    At all relevant times, Defendant UPS has been and continues to be an "employer"

12   engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all

13   relevant times, UPS has employed and continues to employ account managers as "employee[s]"

14   within the meaning of the FLSA. At all relevant times, Defendant has had gross operating

15   revenues far in excess of $500,000.

16       33.    Throughout the relevant three-year statute of limitations period for willful

17   violations established in 29 U.S.C. § 255, Plaintiff and the other account managers were

18   responsible for promoting the UPS portfolio by disseminating scripted materials; at no time did

19   they engage in outside sales within the meaning of the FLSA, 29 U.S.C. § 213, since they never

20   sold anything to UPS customers and never contracted with UPS customers for the provision of

21   services.

22       34.    Throughout the relevant three-year statute of limitations period, at no time did

23   Plaintiff or the other account managers assume any managerial or supervisory responsibilities,

24   nor did they contribute to the general business operations of the Company, including its overall

25   marketing plan. At no time was Plaintiff or were the other account managers granted discretion

26   over matters of significance, including without limitation promotional messages, service pricing,

27   and sales goals.

28

CLASS ACTION COMPLAINT FOR DAMAGES                                                 

35.    Throughout the relevant three-year statute of limitations period, Plaintiff and the other account managers regularly worked in excess of forty (40) hours per workweek and continue to do so.

36.    At all relevant times, Defendant operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay account managers overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207. Through this unlawful course of conduct, Defendant has deprived Plaintiff and the Class Members of the time and a half rate for work performed in excess of forty (40) hours per workweek to which they were and are entitled.

37.    At all relevant times, Defendant willfully, regularly, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the FLSA, 29 U.S.C. § 211(c), with respect to account managers. Through this course of conduct, Defendant has deprived Plaintiff and the Class Members of the records necessary to calculate with precision the overtime compensation due to them.

38.    Accordingly, Plaintiff and the Class Members are entitled to damages in the amounts of their respective unpaid overtime compensation and interest, liquidated (double) damages, reasonable attorneys' fees and costs, injunctive relief, and any other legal and equitable relief the Court deems just and proper.

## SECOND CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME AND KEEP ACCURATE RECORDS
**(WAGE ORDER NO. 4-2001; LABOR CODE §§ 226, 510, 558, 1194 ET SEQ.)**

39.    Plaintiff repeats and realleges all the allegations set forth in the foregoing paragraphs.

40.    Throughout the relevant three-year statute of limitations, Defendant UPS operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay account managers for overtime at the rates required by

CLASS ACTION COMPLAINT FOR DAMAGES

California Labor Code § 510 and Wage Order No. 4-2001. Through this unlawful course of conduct, Defendant has deprived and continues to deprive Plaintiff and the Class Members the time and a half rate for work performed in excess of forty (40) hours per workweek and eight (8) hours per workday to which they were and are entitled.

41.     Throughout the relevant three-year statute of limitations, UPS willfully, regularly, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to account managers. Through this unlawful course of conduct, Defendant has deprived and continues to deprive Plaintiff and the Class Members with records necessary to calculate with precision the overtime compensation due to them.

42.     As a result, under Labor Code § 1194, Plaintiff and the Class Members are entitled to damages in the amount of their respective unpaid overtime compensation plus interest, reasonable attorneys' fees and costs, injunctive relief, and such other legal and equitable relief as the Court deems just and proper.

43.     In addition, UPS is liable to Plaintiff and each of the Class Members for the amounts provided by California Labor Code § 558: 1) for any initial violation, fifty dollars ($50) for each Class Member for each pay period during which the Class Member was not paid overtime; and 2) for each subsequent violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not paid overtime.

### THIRD CAUSE OF ACTION
### UNLAWFUL FAILURE TO FURNISH WAGE STATEMENTS
### (WAGE ORDER NO. 4-2001; LABOR CODE § 226)

44.     Plaintiff repeats and realleges all the allegations set forth in the foregoing paragraphs.

45.     Defendant knowingly and intentionally failed to furnish and continues to fail to furnish Plaintiff and each Class Member with timely, itemized statements that accurately reflect total number of hours worked and wages earned, as mandated by California Labor Code §

---

226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked.

46.     As a result, UPS is liable to Plaintiff and each of the Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

47.     Plaintiff and the Class are also entitled to reasonable attorney's fees and costs pursuant to California Labor Code § 226(e).

### FOURTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO KEEP REQUIRED PAYROLL RECORDS
### (WAGE ORDER NO. 4-2001; LABOR CODE § 226)

48.     Plaintiff repeats and realleges all the allegations set forth in the foregoing paragraphs.

49.     Defendant UPS violated California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records showing the hours worked daily by account managers.

50.     Defendant is liable for a statutory penalty pursuant to the California Labor Code § 226.

51.     Plaintiff and the Class are also entitled to reasonable attorney's fees and costs pursuant to California Labor Code § 226(e).

### FIFTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE FULL AND UNINTERRUPTED OFF-DUTY
### MEAL PERIODS (LABOR CODE §§ 226.7 AND  512, AND WAGE ORDER NO. 4-2001)

52.     Plaintiff repeats and realleges all the allegations set forth in the foregoing paragraphs.

53.     Throughout the relevant three-year statute of limitations, UPS has operated under and continues to operate under a common policy and plan of failing and refusing to afford Plaintiff and Class Members at least half-hour meal periods after five and then after ten hours of

work in which they were relieved of all duties, as required by I.W.C. Wage Order No. 4-2001, §11(A) and Labor Code §§ 226.7 and 512.

54. UPS is liable for unpaid wages and statutory penalties pursuant to I.W.C. Wage Order 4-2001 and Labor Code § 226.7.

55. Pursuant to I.W.C. Wage Order 4-2001, Labor Code § 226.7 and 512, UPS is liable for forcing Plaintiff and Class Members to work during the meal period mandated after five (5) hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that UPS failed to provide the first required meal period to each Class Member.

56. Pursuant to I.W.C. Wage Order 4-2001, Labor Code § 226.7 and 512, UPS is further liable for forcing Plaintiff and Class Members to work during the second meal period mandated after ten hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that UPS failed to provide the second required meal period to each Class Member.

57. Plaintiff and the Class are also entitled to reasonable attorney's fees and costs pursuant to California Labor Code § 218.5, California Code of Civil Procedure § 1021.5, and/or other applicable law.

## SIXTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE FULL AND UNINTERRUPTED PAID OFF-DUTY REST PERIODS (WAGE ORDER NO. 4-2001; LABOR CODE §§ 226.7)

58. Plaintiff repeats and realleges all the allegations set forth in the foregoing paragraphs.

59. Plaintiff and Class Members were regularly compelled to work over a four (4) hour period (or major fraction thereof) without UPS authorizing and permitting them to take paid ten (10) minute rest periods in which they were relieved of all duties, as required by I.W.C. Wage Order 4-2001, § 12(A) and Labor Code §§ 226.7.

60.   UPS is liable for unpaid wages and statutory penalties pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7.

61.   Pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7(b), and 218, Defendant UPS is liable for forcing Class Members to work during the first required rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that UPS failed to permit and authorize a first mandated rest period to each Class Member.

62.   Defendant UPS is further liable for forcing Class Members to work during the second required rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that UPS failed to permit and authorize a second mandated rest period to each Class Member.

63.   Defendant UPS is further liable for forcing Class Members to work during the third required rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that UPS failed to permit and authorize a third mandated rest period to each Class Member.

64.   Plaintiff and the Class are also entitled to reasonable attorney's fees and costs pursuant to California Labor Code § 218.5, California Code of Civil Procedure § 1021.5, and/or other applicable law.

## SEVENTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY WAGES DUE UPON SEPARATION FROM EMPLOYMENT
### (LABOR CODE §§ 201 AND 202)

65.   Plaintiffs repeat and reallege each and every allegation made in the foregoing paragraphs as if fully set forth herein.

66.   UPS operated under and continues to operate under a common policy and plan of failing and refusing to pay overtime pay owed to Plaintiff and Class Members whose employment terminated, as required by California Labor Code § 201. As a result of its failure to

1   pay owed overtime to terminated employees and pursuant to §§ 201 and 202  UPS is liable for

2   statutory penalties pursuant to California Labor Code §§ 203 and 218.

3       67.    UPS operated under and continues to operate under a common policy and plan of

4   failing and refusing to pay employees who resigned from their employment with UPS the

5   compensation due and owing within seventy-two (72) hours of their resignation, as required by

6   California Labor Code § 202.  As a result of its failure to pay owed overtime to employees who

7   quit and pursuant to § 202, UPS is liable for statutory penalties pursuant to California Labor

8   Code §§ 203 and 218.

9       68.    Plaintiff and the Class are also entitled to reasonable attorney fees and costs

10  pursuant to California Labor Code § 218.5, California Code of Civil Procedure § 1021.5, and/or

11  other applicable law.

12

13                       **EIGHTH CAUSE OF ACTION**
                         **UNFAIR COMPETITION**
14               **(BUS. AND PROF. CODE §§ 17200-17208)**

15      69.    Plaintiff repeats and realleges all the allegations set forth in the foregoing

16  paragraphs.

17      70.    Throughout the relevant four-year statute of limitations period, Defendant UPS

18  committed the various labor violations described above.  Defendant's failure to pay legally

19  required overtime compensation, failure to pay all wages earned and due, and failure to timely

20  furnish account managers with statements accurately showing their hours worked, as alleged

21  above, constitute unlawful, unfair, and/or fraudulent activity prohibited by Business and

22  Professions Code § 17200.

23      71.    As a result of its unlawful, unfair, and/or fraudulent acts, UPS has reaped and

24  continues to reap unfair benefits and illegal profits at the expense of Plaintiff and the Class

25  Members.

26      72.    UPS should be enjoined from this activity and made to disgorge these ill-gotten

27  gains and restore to Plaintiff and the Class Members the wrongfully withheld wages to which

28

---

CLASS ACTION COMPLAINT FOR DAMAGES                                          Page 16

they are entitled, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

## VII.

## **DEMAND FOR JURY TRIAL**

73.     Pursuant to Fed. R. Civ. P. Rule 38(b), Plaintiff and the Class hereby demand a jury trial on all triable issues of fact or law.

## VIII.

## **PRAYER FOR RELIEF**

74.     WHEREFORE, Plaintiff, on behalf of herself and the Class Members she seeks to represent in this action, requests the following relief:

A.     That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b) and as a class action under the Federal Rules of Civil Procedure Rule 23.

B.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the statute of limitations period, employed by Defendant UPS as account managers. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit for the recovery of withheld overtime compensation;

(C)     That the Court find that UPS has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, and the overtime provisions of the California Labor Code §§ 510 and 1194 and Wage Order 4-2001 as to the Plaintiff and the Class;

(D)     That the Court find that UPS has violated the record-keeping provisions of the FLSA, 29 U.S.C. § 211(c), the record-keeping provisions of the California Labor Code §§ 226, 1174, and section 4 of the Wage Orders as to Plaintiff and the Class;

(E)   That the Court find that UPS has violated California Labor Code § 226 by failing to timely furnish Plaintiff and the Class Members itemized statements accurately showing the total hours they worked;

(F)   That the Court find that UPS has violated California Labor Code §§ 226.7 and 512 and I.W.C. Wage Order No. 4-2001 by failing to provide its account managers with statutorily-mandated meal breaks and rest breaks.

(G)   That the Court find that UPS has violated Business and Professions Code § 17200 by failing to pay its account managers overtime compensation, by failing to keep proper time records, by failing to timely furnish account managers with statements accurately showing their total hours worked, and by failing to provide account managers with statutorily-mandated meal breaks and rest breaks;

(H)   That the Court find that UPS' wage and hour violations as described have been willful;

(I)   That the Court award to Plaintiff and the Plaintiff Class compensatory and liquidated damages in excess of $100 million for unpaid overtime compensation, including interest, and statutory penalties subject to proof at trial pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations, and the California Labor Code, and the supporting I.W.C Wage Orders;

(J)   That the Court, pursuant to Business and Professions Code § 17200-05, order and enjoin UPS to pay restitution to Plaintiff and the Class and enjoin UPS to cease and desist from unlawful, unfair, and/or fraudulent activities;

(K)   That the Court enjoin Defendant to cease and desist from its violations of the FLSA described herein and to comply with the FLSA;

(L)    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to FLSA 29 U.S.C. § 216(b), California Labor Code § 218.5, 226(e), 1194, Code of Civil Procedure § 1021.5, and/or other applicable law; and

(M)    That the Court award such other and further relief as this Court may deem appropriate.

Dated: August 19, 2009                Sanford Wittels & Heisler, LLP

By: _____

Edward D. Chapin, Bar No. 053287
Jill Sullivan, Bar No. 185757
Of Counsel, SANFORD WITTELS & HEISLER, LLP
CHAPIN WHEELER, LLP
550 West C Street, Suite 2000
San Diego, CA 92101

David W. Sanford (DC Bar 457933)
Felicia Medina (CA Bar 255804)
SANFORD WITTELS & HEISLER, LLP
1666 Connecticut Ave NW, Suite 310
Washington, DC 20009

Jeremy Heisler (NY Bar 1653484)
Steven L. Wittels (NY Bar 2004635)
Janette Wipper (DC Bar 467313)
SANFORD WITTELS & HEISLER, LLP
950 Third Ave, 10th Floor
New York, NY 10022

*Attorneys for Plaintiff Laura Meza*
*and the Plaintiff Class*

CLASS ACTION COMPLAINT FOR DAMAGES

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

LAURA MEZA, individually and on behalf of all others similarly situated,

## DEFENDANTS

UNITED PARCEL SERVICE, INC.

FILED

09 AUG 19 AM 10:39

CLERK U.S. DIST COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jill M. Sullivan, Esq., (CA Bar No. 185757)
Of Counsel, Sanford, Wittels & Heisler, LLP
550 West "C" Street, Suite 2000
San Diego, CA  92101
(619) 241-4810

ATTORNEYS (IF KNOWN)

'09 CV 1798    MMA JMA

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Fair Labor Standards Act, 29 U.S.C. Section 211 (c) and 216(b) Misclassification of account managers as exempt from overtime compensation.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [X] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ~~0.00~~ 100,000,000 CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  Docket Number _____

DATE
August 19, 2009

SIGNATURE OF ATTORNEY OF RECORD
Jill Sullivan

#4370  8350.

CP
8/19/09

ODMA\PCDOCS\WORDPERFECT\22816\1 January 14, 2000 (3:10pm)

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004370
Cashier ID: sramirez
Transaction Date: 08/19/2009
Payer Name: NATIONWIDE LEGAL
----------------------------------
CIVIL FILING FEE
 For: MEZA V. UPS
 Case/Party: D-CAS-3-09-CV-001798-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 111540
 Amt Tendered:  $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```